(C.D. 4033)

MARGARET W. DAVIES *v.* UNITED STATES

United States Customs Court, Second Division

(Decided June 11, 1970)

*John Bright Hill; George H. McNeill*, associate counsel; for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Steven R. Sosnov* and *John A. Winters*, trial attorneys), for the defendant.

Before RAO, FORD, and LANDIS, Judges

LANDIS, Judge: These two protests, consolidated for trial, involve veneer band dryers imported from West Germany for the account of Atlantic Veneer Corp., Beaufort, North Carolina.

Customs at Wilmington, North Carolina, classified and assessed the band dryers under the Tariff Schedules of the United States (TSUS), schedule 6, part 4, subpart A, item 661.70 which provides as follows:

Subpart A headnote:

> 1. A machine or appliance which is described in this subpart and also is described elsewhere in this part is classifiable in this subpart:

\*       \*       \*       \*       \*       \*       \*

Industrial machinery, plant, and similar lab-oratory equipment, whether or not electri-cally heated, for the treatment of materials by a process involving a change of tempera-ture, such as heating, cooking, roasting, dis-tilling, rectifying, sterilizing, pasteurizing, steaming, drying, evaporating, vaporizing, condensing, or cooling; instantaneous or storage water heaters, non-electrical; all the foregoing (except agricultural implements, sugar machinery, shoe machinery,* and ma-chinery or equipment for the heat-treatment of textile yarns, fabrics, or made-up textile articles) and parts thereof:

\* \* \* \* \* \* \*

661.70     Other _____     12.5% ad val.

Plaintiff having serviced the customs entry of the band dryers for Atlantic Veneer Corp. protests the customs classification and here seeks judgment classifying the band dryers under TSUS schedule 6, part 4, subpart F, item 674.42 as follows:

Subpart F headnotes:

1. For the purposes of this subpart—
    (a) the term *"machine tool"* means any machine used for shaping or surface-work-ing—
        (i) metals (including metallic car-bides);
        (ii) stone, ceramics, concrete asbestos-cement and like mineral materials, or glass in the cold; or
        (iii) wood, cork, bone, hard rubber or plastics, or other hard materials,
    whether by cutting away or otherwise re-moving the material or by changing its shape or form without removing any of it, but does not include rolling mills (item 674.20) or the hand-directed or controlled tools provided for in items 674.60 and 674.70 of this subpart and in item 683.20 of part 5 of this schedule; and
    (b) the term *"metal-working"* includes metallic-carbide-working.

\* \* \* \* \* \* \*

Machine tools:

\* \* \* \* \* \* \*

Other machine tools:

\* \* \* \* \* \* \*

674.42       Other _____     10% ad val.

---

*Heading modified to exclude shoe machinery December 7, 1965 (Technical Amendments Act of 1965, Public Law 89–241).

For the purpose of decision in this case we assume, as plaintiff contends, that veneer band dryers are a machine tool as defined in subpart F headnote, *supra*. That fact does not, however, overcome the presumption that customs properly classified the band dryers under TSUS item 661.70 as industrial machinery for the treatment of material by a process involving a change of temperature. Indeed, the testimony of Mr. Rolf Schnabel, treasurer of Atlantic Veneer Corp., tied into exhibits 1 through 6, corroborates the customs classification. He testified that the imported veneer band dryers, which dry out the veneer after a log has been processed and cooked in a water solution to prepare the wood for slicing into veneer size, are so-called "jet ventilated dryers" and that "each part of the dryer has an individual fan system, and a system to control the heat by a thermometer for each section." (R. 30, 31.)

These band dryers having been classified in schedule 6, part 4, subpart A, under the presumptively correct item 661.70 of TSUS, a finding, if one were made, that they are machine tools under schedule 6, part 4, subpart F, of TSUS item 674.42, as urged by plaintiff, does not help plaintiff because, as a matter of law:

> A machine or appliance which is described in this subpart [subpart A, part 4, schedule 6] and also is described elsewhere [subpart F] in this part [part 4 of schedule 6] is classifiable in this subpart [subpart A]. [Schedule 6, part 4, subpart A headnote, *supra*.]

Accord, *Costa International Corp.* v. *United States*, 62 Cust. Ct. 729, C.D. 3855 (1969), appeal pending; *American SF Products, Inc.* v. *United States*, 61 Cust. Ct. 257, C.D. 3593, 291 F. Supp. 685 (1968).

The protests are overruled. Judgment will be entered accordingly.